services rendered after the services for which compensation was claimed in the application in the Supreme Court and denied. In our opinion, an application for counsel fees made in a matrimonial action, even though denied, fixes the measure of the husband's liability as firmly as if granted. We do not follow the decision in *Ehrlich* v. *McKee* (170 Misc. 222; affd., without opinion, 258 App. Div. 715). Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

FRANCIS WILLIAM LOEHR, Respondent, v. WILLIAM J. LITTLE, Appellant, and JAMES T. GALLAGHER, Defendant.— In an action to recover damages for injury to person and property resulting from alleged negligence, resettled order denying appellant's motion to dismiss this action for want of prosecution, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

ETHEL MOONITZ, Respondent, and LOUIS MOONITZ, Plaintiff, v. BORO HALL LEASING CORPORATION, Appellant.— Action brought by the plaintiff wife to recover damages for personal injuries sustained by her through the alleged negligence of the defendant, her landlord, who gratuitously made repairs to a certain stair railing and made them so negligently that the railing subsequently gave way, injuring plaintiff; and by plaintiff's husband to recover damages for loss of services. The husband's alleged cause of action was the subject of discontinuance. The issues relating to the wife's cause of action were tried. The jury rendered a verdict in her favor against the defendant, upon which judgment was duly entered. Subsequently an order denying defendant's motion to set aside the verdict and for a new trial was duly entered. From such judgment and order defendant appeals. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

LOUIS PASSZEHL, Appellant, v. METROPOLITAN DISTRIBUTORS, INC., Respondent. — Plaintiff appeals from a judgment in favor of the defendant, entered upon the verdict of a jury, in an action for personal injuries. Judgment reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. The verdict of the jury is against the weight of the evidence. The plaintiff established that the hand brake on the truck was in a defective condition and that notice of such defect had been given to the defendant. It was the duty of the defendant to keep the truck and the hand brake in repair and it manifestly had failed to do so. In addition, the defendant brought into the case extraneous issues as to compensation payments received by the plaintiff that created a prejudicial atmosphere. A new trial should be had in the interest of justice. Lazansky, P. J., Hagarty, Carswell and Close, JJ., concur; Adel, J., dissents and votes to affirm the judgment.

LORENZO PERRONE, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— In view of the decision in *Perrone* v. *Brooklyn and Queens Transit Corporation* (*post*, p. 1050), decided herewith, the appeal from the judgment in favor of plaintiff is dismissed, without costs. Lazansky, P. J., Hagarty, Johnton, Adel and Close, JJ., concur.

LORENZO PERRONE, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries sustained by plaintiff, a passenger, in consequence of the collision of two of defendant's trolley cars. Order setting aside the verdict of a jury in favor of plaintiff, vacating the judgment entered thereon, and granting a new trial on the ground of newly-