SIDNEY KOWLER, Respondent, v. NATIONAL TRANSPORTATION CO., INC., Appellant, Impleaded with Another.—

No opinion. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Taylor, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Plaintiff was injured in a collision between himself, a pedestrian, and a taxicab of the appellant. A physician, called by appellant testified on direct examination that he examined the plaintiff on behalf of his (plaintiff's) employer, but admitted on cross-examination that he examined plaintiff on behalf of an insurance company named by plaintiff's counsel. It was conceded in a colloquy held in the absence of the jury that this company was the compensation-insurance carrier of plaintiff's employer, and appellant's counsel stated that he had told the physician to say that the examination was made on behalf of plaintiff's employer in order not to disclose that the plaintiff was entitled to workmen's compensation, which we held in Passzehl v. Metropolitan Distributors, Inc. (259 App. Div. 1050) was improper and prejudicial when disclosed by the defendant. Appellant was not permitted to explain to the jury why the physician testified in the first instance that his examination was made on behalf of plaintiff's employer. This was error. The door to such explanation had been opened by the plaintiff, who injected the fact of insurance into the case; and since the jury, without more information, could or might infer that the insurance company insured the appellant against liability for the accident, the latter was entitled to show the nature of the insurance. While there was no substantial difference between the statements made by the physician on direct and on cross, if the whole truth had been permitted to be told, the trial judge stated repeatedly in the presence of the jury that there was such a difference and that it was for the jury to determine whether the physician had not intended deliberately to deceive the court and jury. I am of opinion, also, under all the circumstances disclosed in the record, that a new trial should be had in the interest of justice.

NEW YORK PLUMBERS' SPECIALTIES CO., INC., Respondent, v. WARREN FITZGERALD et al., Defendants; SAMUEL GREENDLINGER, Assignee of INTERBOROUGH UTILITIES COMPANY, Respondent, and UNITED STATES OF AMERICA, Intervener, Appellant.—

The moneys that came into the hands of the assignee for the benefit of creditors were at no time the moneys of the owners of the realty on which improvements were made by Interborough Utilities Co. The moneys were indirectly obtained from the United States of America by means of forged notes. Under the circumstances, no trust fund could be created for plaintiff's benefit under section 36-a of the Lien Law (Cons. Laws, ch. 33). The right of the United States of America to these funds is traceable to the assignee for the benefit of creditors. (National City Bank of New York v. Waggoner, 230 App. Div. 88.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur. Settle order on two days' notice on or before December 21, 1942.